Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Andrew C. Johnson (State Bar No.: 276059)
Email: ajohnson@condonlaw.com
Justin M. Schmidt (State Bar No.: 309656)
Email: jschmidt@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROSALEE GLASS, by and through Its Successor-In-Interest, LILLIAN GLASS, an individual; LILLIAN GLASS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF LOS ANGELES, a public entity; UNITED AIRLINES, INC., ABM INDUSTRIES, INC.; LEONARDO ARROYA, DAVID CERNA and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:21-cv-04283-GW-JDE<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF UNITED AIRLINES, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

　　Defendant United Airlines, Inc. (hereinafter referred to as "United"), by and through its attorneys of record, Condon & Forsyth LLP, hereby answers the complaint for damages of plaintiffs the Estate of Rosalee Glass, by and through its Successor-In-Interest, Lillian Glass, and Lillian Glass, individually (hereinafter "Plaintiffs") as follows:

## AS TO GENERAL ALLEGATIONS

1. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of Plaintiffs' complaint, and on this basis, denies those allegations.

2. The allegations contained in paragraph 3 of Plaintiffs' complaint are not directed to United, and United makes no answer thereto. To the extent that paragraph 3 of Plaintiffs' complaint contains allegations against United, United denies the allegations.

3. United admits the allegation contained in paragraph 4 of Plaintiffs' complaint.

4. The allegations contained in paragraph 5 of Plaintiffs' complaint are not directed to United, and United makes no answer thereto. To the extent that paragraph 5 of Plaintiffs' complaint contains allegations against United, United denies the allegations.

5. In answering the allegations contained in paragraph 6 of Plaintiffs' complaint, United admits that on December 8, 2019, Leonardo Arroyo was an employee of ABM Industries Inc. (hereinafter "ABM"). United denies the remainder of the allegations of paragraph 6 of Plaintiffs' complaint.

6. In answering the allegations contained in paragraph 7 of Plaintiffs' complaint, United admits that on December 8, 2019, David Cerna was an employee of ABM. United denies the remainder of the allegations of paragraph 7 of Plaintiffs' complaint.

7. The allegations contained in paragraph 8 of Plaintiffs' complaint are not asserted against United, and United makes no answer thereto. To the extent that the remainder of the allegations of paragraph 8 of Plaintiffs' complaint contain allegations against United, United denies the allegations.

8. There are no allegations contained in paragraph 9 of Plaintiffs' complaint to which a response is required.

AS TO THE FIRST CAUSE OF ACTION

(By Plaintiff Against Defendants UNITED AIRLINES, INC., ABM INDUSTRIES, INC., LEONARDO ARROYA, DAVID CERNA and DOES 1 Through 50, Inclusive)

9. Answering the allegations contained in paragraph 10 of Plaintiffs' complaint, United repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 8, inclusive, of this answer with the same force and effect as if set forth herein in full.

10. Answering the allegations contained in paragraph 11 of Plaintiffs' complaint, United admits that tickets were purchased for Lillian and Rosalee Glass for roundtrip travel between Los Angeles International Airport and Dulles International Airport, including travel from Los Angeles International Airport to Dulles International Airport on December 8, 2019, on United flight number 1004. United further admits that wheelchair assistance was requested for Plaintiff Lillian Glass for United flight number 1004. United lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraphs 11 of Plaintiffs' complaint and, on this basis, denies those allegations.

11. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Plaintiffs' complaint, and on this basis, denies those allegations.

12. Answering the allegations contained in paragraph 13 of Plaintiffs' complaint, United admits that on December 8, 2019, United contracted ABM to provide certain wheelchair services for United at Los Angeles International Airport. United denies the remainder of the allegations of paragraph 13 of Plaintiffs' complaint.

13. Answering the allegations contained in paragraph 14 of Plaintiffs' complaint, United admits that as a common carrier it has certain duties to its

passengers, under circumstances not applicable here. United denies the remainder of the allegations contained in paragraphs 14 of Plaintiffs' complaint.

14. Answering the allegations of paragraph 15 of Plaintiffs' complaint, United admits that on December 8, 2019, Leonardo Arroyo and David Cerna were employed by ABM, that Mr. Arroya met Ms. Glass at the gate and wheeled her down the jetway to the area in front the aircraft, and that Mr. Arroyo and Mr. Cerna began the process of transporting her from her personal wheelchair to an aisle chair for boarding the airplane. United denies the remainder of the allegations of paragraph 15 of Plaintiffs' complaint.

15. Answering the allegations of paragraph 16 of Plaintiffs' complaint, United admits that on December 8, 2019, Leonardo Arroyo and David Cerna were employed by ABM, and that they were transferring Rosalee Glass from her personal wheelchair to an aisle chair for boarding the airplane. United denies the remainder of the allegations of paragraph 16 of Plaintiffs' complaint.

16. United denies the allegations contained in paragraphs 17, 18, and 19 of Plaintiffs' complaint.

AS TO THE SECOND CAUSE OF ACTION
(By Plaintiff Against Defendant CITY OF LOS ANGELES
and DOES 1 Through 50, Inclusive)

17. Answering the allegations contained in paragraph 20 of Plaintiffs' complaint, United repeats, reiterates and re-alleges each and every answer in paragraphs 1 through 16, inclusive, of this answer with the same force and effect as if set forth herein in full.

18. The allegations in paragraph 21 of Plaintiffs' complaint contain conclusions of law, not averments of fact, to which no response is required by United. To the extent that the allegations contained in paragraph 21 of Plaintiffs' complaint can be construed as averments of fact, United denies the allegations.

19. The allegations contained in paragraphs 22, 23, 24, and 25 of Plaintiffs' complaint are not directed to United, and United makes no answer thereto. To the extent that paragraphs 22, 23, 24, and 25 of Plaintiffs' complaint contains allegations against United, United denies the allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CLAIM FOR RELIEF

20. The complaint fails to state facts sufficient to state a cause of action against United upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

21. Any injuries, damages, or loss sustained by Plaintiffs, if such occurred, were proximately caused and contributed to by the negligence of Plaintiff's decedent, Rosalee Glass, and the negligence and intentional conduct of Plaintiff Lillian Glass, in that they did not exercise reasonable and ordinary care on their own behalf and acted intentionally, recklessly or carelessly at the times and places set forth in the complaint. Accordingly, Plaintiffs' recovery, if any, should be reduced by the amount of negligence attributable to the conduct of Plaintiff's decedent, Rosalee Glass, and Plaintiff Lillian Glass.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

22. The incident alleged in Plaintiffs' complaint, and the injuries and damages Plaintiffs allege they sustained, were not proximately caused by an act or omission on the part of United, its employees, agents, or representatives.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

23.     The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than United.  However, in the event a finding is made that liability exists on the part of United, United is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

24.     The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than United.  However, in the event a finding is made that negligence exists on the part of United, which proximately contributed to the damages alleged in the complaint, United's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiffs seek recovery.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

25.     Plaintiffs' alleged damages, if any, should be barred or limited as a result of the failure of Plaintiffs to take reasonable steps to mitigate their damages.

///

///

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

26. The incident alleged in the complaint, and the damages Plaintiffs allege they sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by United.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

27. Pursuant to the provisions of the Fair Responsibility Act of 1986, commonly referred to as Proposition 51, and codified at Civil Code § 1431.1, *et seq.*, Plaintiffs are barred and precluded from recovery against United for any non-economic damages except those allocated to United in direct proportion to its percentage of fault, if any such fault or damages are found to exist.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

28. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because United's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

29. The incident alleged in Plaintiffs' complaint, and the damages Plaintiffs allege they sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities that United had no control over at any time relevant hereto.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

30. If Plaintiffs have received remuneration or compensation for some or all of their claimed economic losses, United is entitled to have Plaintiffs' award, if any, reduced by the amount of said remuneration or compensation.

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

31. Plaintiffs' alleged damages are limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).  *See Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008); *Air Transport Association of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008).

## THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

32. Plaintiffs' claims against United are barred by their failure to join necessary and indispensable parties to this litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

33. United denies all of the material allegations of the complaint and each and every claim and cause of action contained therein as such pertains to United, and denies that United is liable to Plaintiffs for the damages alleged in the complaint.  If, however, the allegations of the complaint are determined to be true, United is informed and believes and thereon alleges that parties both served and unserved, named and unnamed, are in some manner or percentage responsible for

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Plaintiffs' damages, if any, and United requires an order from the trier of fact setting forth the percentage of fault of each and every party named and unnamed, served and unserved.

### FIFTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

34. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 *et seq.*, now re-codified and incorporated into 49 U.S.C. § 40101 *et seq.*), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

### SIXTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

35. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, Air Carrier Access Act, 49 U.S.C. § 41705, and the implementing regulations promulgated by the Department of Transportation, 14 C.F.R. Part 382, *et seq*.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

36. United did not design, manufacture, or distribute any products that allegedly caused or contributed to the cause of the subject incident, and/or Plaintiffs' damages.

///

///

### EIGHTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

37. United is not a proper defendant in this action on the grounds that it contracted with ABM to provide the services that are the subject of Plaintiffs' complaint, and did not commit any act or omission that caused or contributed to the cause of Plaintiffs' alleged injuries and/or damages.

### NINETEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

38. United reserves its right to assert additional defenses or amend its defenses as disclosures, discovery, and investigation are completed.

WHEREFORE, defendant United Airlines, Inc. respectfully requests that Plaintiffs take nothing by this action against United Airlines, Inc., that the action against United Airlines, Inc. be dismissed with prejudice and that the Court grant to United Airlines, Inc. costs and other relief as it deems just and proper.

Dated: May 28, 2021                        CONDON & FORSYTH LLP

By: /s/ Scott D. Cunningham
    SCOTT D. CUNNINGHAM
    ANDREW C. JOHNSON
    JUSTIN M. SCHMIDT
    Attorneys for Defendant
    UNITED AIRLINES, INC.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ANSWER AND AFFIRMATIVE DEFENSES OF
UNITED AIRLINES, INC.
CASE NO.: 2:21-cv-04283-GW-JDE
- 10 -
LAOFFICE 263511v.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On May 28, 2021, I served the within document as follows:

**ANSWER AND AFFIRMATIVE DEFENSES OF UNITED AIRLINES, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **(By Electronic Service):** I caused the above-referenced document(s) to be delivered to the person(s) at the e-mail address(es) set forth below via the court's ECF system.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

Douglas A. Linde, Esq.
Erica Allen Gonzales, Esq.
The Linde Law Firm
6701 Center Drive West, Suite 610
Los Angeles, California 90045
E-mails: dal@lindelaw.net; eag@lindelaw.net

**(Federal):** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 28, 2021, at Los Angeles, California.

                                                 /s/ Elisabeth Sillars
                                                 Elisabeth Sillars